178 So.2d 566

David Albert **HOWTON**

v.

**STATE.**

6 Div. 61.

Court of Appeals of Alabama.

Sept. 14, 1965.

---◆---

Roger F. Rice, Birmingham, for appellant.

Richmond M. Flowers, Atty. Gen., and Paul T. Gish, Jr., Asst. Atty. Gen., for the State.

CATES, Judge.

This appeal was submitted March 18, 1965, on a motion of the Attorney General and on the merits.

The Attorney General has moved us to strike the transcript of the record and dismiss on the ground that the record was not filed with the clerk of this court in due time under Supreme Court Rule 37.[1]

On September 15, 1964, Howton was found guilty of indecency with a male under sixteen. Act No. 397, September 9, 1955 (1955 Acts, p. 932). The trial judge sentenced him to two years as punishment. That same day Howton noted his appeal to this court.

I.

Motion to Strike Record

■ The record in question was not filed here until December 28, 1964, a Monday. See Supreme Court Rule 46.

Thus, prima facie, the record, under Rule 37, was one day late if we calculate the beginning date from the time when the

court reporter filed the transcript of the evidence with the circuit clerk which was October 28, 1964.

However, we find also endorsed at the foot of the transcript of the evidence the following:

"PRESENTED:

"THIS 28TH DAY OF OCTOBER 1964

/s/ G F Goodwyn Jr
Judge, Presiding

"APPROVED:

"THIS 16 DAY OF NOV 1964

/s/ G F Goodwyn Jr
Judge, Presiding"

This latter entry we take to be the controlling date for the calculation of the sixty-day period to present the transcript of the record to this court.

■ We rest our reasoning on a consideration of the second, third, fourth, and fifth sentences of § 2, Act No. 886, September 12, 1951 (1951 Acts, p. 1527 et seq.). This procedure in the cited section is analogous to the mode for presenting bills of exceptions for approval by the trial judge. No citation of authority is necessary for the conclusion that the bill could not be considered as settled until approved as required by law.

■ For the purpose of striking a record so as to deny altogether a review in a criminal appeal is to follow a rule of strict construction contrary to the spirit of Code 1940, T. 15, § 389. Rule 37, supra, is not to be extended beyond its express wording.

■ Accordingly, we will assume for the purpose of consideration of the Attorney General's motion that some objection was

---

1. "* * * Where bills of exceptions have been abolished, the transcript of the record shall be filed in this court within six-

ty days after the transcript of the evidence has been established in the court below. * * *" 263 Ala. xxi.

**12**

filed to the certified transcript which required the trial judge to rule thereon.[2] We cannot assume that the judge would do a useless thing.

Accordingly, the motion is not well taken and will be denied.

### II.

### Conduct of Witness

The only serious question presented involved a breach of the rule of sequestration of witnesses including the judge's express direction that, pending the trial, witnesses were to talk only to the lawyers in the case.

The record is not clear as to the exact manner in which the alleged breach occurred. There seems to be some indication that a deputy sheriff, after having left the witness stand, told the substance of his testimony on a given point to another witness.

The other witness was later called to the stand and as we construe it his testimony partially refuted that of the deputy.

█ The trial judge considered the breach of security as harmless. Because of (1) the lack of clarity as to what happened, and (2) the circumstance being of slight material weight (i.e., whether or not the accused was behind a counter of the sheriff's office at the time of his booking or whether he was before it), we consider the trial judge did not abuse the discretion which the law confers on him. Wilson v. State, 52 Ala. 299. Anno. 32 A.L.R.2d 358.

### III.

We have carefully considered the entire record in the light of Code 1940, T. 15, § 389, and consider that the judgment below is due to be

Affirmed.

JOHNSON, J., not sitting.

2. This was not a habeas corpus case which requires such presentation in all in-

stances. See Code 1940, T. 15, § 369(d), as amended, second sentence.